# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0145
Lower Tribunal No. 21-4875-CP-02
_____

**Cash Wallace Pawley, Sr.,**
Appellant,

vs.

**Estates of Wallace and Geraldine Pawley, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Cash Wallace Pawley, Sr., in proper person.

Dunwody White & Landon, P.A., and Jack A. Falk, Jr.; Behar Law, P.A., and Jacobeli J. Behar, for appellees.

Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

PER CURIAM.

Appellant Cash Wallace Pawley, Sr. appeals the probate court's December 15, 2023 summary judgment in favor of appellees, the Estates of Wallace and Geraldine Pawley.[1] The summary judgment rejects Appellant's challenge to the wills of his adoptive parents. Our review is *de novo*. Reeves v. Gross, 403 So. 3d 362, 365 (Fla. 3d DCA 2025). The summary judgment record plainly establishes that, after Appellant's 2013 conviction for attempted first-degree murder and aggravated assault with a deadly weapon, Appellant's parents changed their wills to disinherit him. The record shows that, in 2014, the Pawleys directed the attorney who had prepared their estate plans in 2010, to prepare new wills and trusts to exclude Appellant and his descendants.

Contrary to Appellant's arguments, the summary judgment record contains no evidence showing the existence of a genuine dispute of material fact as to whether the Pawleys either were unduly influenced to disinherit Appellant or lacked the capacity to revise their testamentary instruments. See In Re: Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 75 (Fla. 2021) ("[T]he correct test for the existence of a genuine factual dispute is

---

[1] Additional appellees are co-personal representatives Cynthia Martin-Pawley and First National Bank of South Miami, N.A.; and Shannon, Hunter, Trevor, Amanda and Samantha Pawley, the latter family members having joined in the answer brief.

whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986))); Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) ("[I]t is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial.")

Indeed, the summary judgment evidence – including affidavits from the Pawleys' attorney and a paralegal in his office, along with those of multiple family members – shows that, contrary to Appellant's speculations, Appellant's parents: (i) were not unduly influenced by Appellant's brother to change their wills in 2014; (ii) were mentally alert, lucid, and understanding of the consequences of the changes they were making to their testamentary instruments; and (iii) made no effort to revise their wills or trusts again between 2014, and their respective deaths in 2019 and 2020. See Derovanesian v. Derovanesian, 857 So. 2d 240, 242-43 (Fla. 3d DCA 2003).

At best, this is a case of "opposing parties tell[ing] two different stories, one of which is blatantly contradicted by the record[.]" In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d at 75-76 (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). In this instance, Appellant's story is not supported by record evidence but appears to be the product of conjecture born of a family

3

conflict caused by Appellant. As a result, Appellant's allegations are insufficiently probative to defeat summary judgment.

Affirmed.